FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 JAN 13 PM 12: 27
CLERK'S OFFICE
AT GREENBELT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-18-1001 |
| **CINDY TORRES,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

J & J Sports Productions, Inc. ("Plaintiff"), a closed-circuit television distributor, filed this action on April 6, 2018 against Cindy Torres and Ruth Melgar ("Defendants"), whom Plaintiff alleged trades as Chie's Enterprises, LLC, Irene's Pupusas, and Irene's Pupusas Restaurant, seeking damages for unlawful interception and broadcast of Plaintiff's pay-per-view boxing match. ECF No. 1. On March 27, 2019, the Court issued a Memorandum Opinion granting in part and denying in part Plaintiff's Motion for Default Judgment. ECF No. 10. Plaintiff now moves to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). No hearing is necessary. *See* Loc. Rule 105.6. (D. Md.). For the following reasons, the Court will deny Plaintiff's Motion.

### I. BACKGROUND

The following background facts were asserted in Plaintiff's Complaint and related in part in the Court's prior Memorandum Opinion. Plaintiff paid for and was granted "the exclusive nationwide commercial distribution rights" to a series of boxing matches airing on Saturday, May 2, 2015. ECF No. 1 ¶ 15. Plaintiff subsequently entered into sublicensing agreements with

1

various commercial establishments in the hospitality industry to broadcast the match. *Id.* ¶ 16. In an affidavit attached to Plaintiff's Complaint, a private investigator declared that, on the evening of May 2, he entered Irene's Pupusas, a restaurant in Silver Spring, Maryland, and observed one of these boxing matches being shown on one of the restaurant's televisions. ECF No. 1-1 at 7.[1] Approximately 40 people were inside the restaurant, which had a capacity of approximately 200 people. *Id.* at 8. According to Plaintiff's "rate card" for the program, Plaintiff would have charged $6,000 to broadcast the match to a venue with a capacity of 101-200 people. *Id.* at 10.

The Complaint alleged that the broadcast of the boxing match by Irene's Pupusas violated Plaintiff's rights as the "exclusive commercial domestic distributor" of the match. ECF No. 1 ¶ 3. According to the Complaint, Defendants Cindy Torres and Ruth Melgar trade as and are the managing members of Chie's Enterprises, LLC, and also trade as Irene's Pupusas, and Irene's Pupusas Restaurant. *Id.* ¶ 6. Plaintiff alleged that Torres and Melgar had the "right and ability" and "obligation" to "supervise the activities" of Irene's Pupusas, "specifically directed" the employees of Irene's Pupusas to intercept and broadcast the boxing match without authorization from Plaintiff, and "had an obvious and direct financial interest in the activities" of Irene's Pupusas. *Id.* ¶¶ 8–11.

After Defendants were served but failed to respond to the Complaint, Plaintiff successfully requested that the Clerk of the Court enter default, ECF No. 8, and then filed a Motion for Default Judgment. ECF No. 9. The Motion sought $6,000 in statutory damages under the Federal Cable Act, 47 U.S.C. § 605(e)(3)(c)(i)(II), $18,000 in enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), and $2,190 in attorney's fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). ECF No. 9-4 at 6–9. In a Memorandum Opinion issued on March 27, 2019, the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to page numbers generated by that system.

Court granted the request for $6,000 in statutory damages and $2,190 in attorney's fees and costs, but denied enhanced damages. ECF No. 10 at 5–6.

The Court declined to hold Torres and Melgar individually liable for Chie's Enterprises, LLC's violations of the Federal Cable Act. *Id.* at 4–5. While the Complaint alleged that Torres and Melgar "had a right and ability to supervise" the restaurant's activities and "an obvious and direct financial interest" in those activities, the Court viewed those assertions as mere formulaic recitations of the elements of Plaintiff's claim. *Id.* at 4 (citing ECF No. 1 ¶¶ 8, 11). Applying the standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court found these claims insufficient without further factual allegations of a financial relationship between the individual defendants and Chie's Enterprises, LLC. *Id.* at 4. There was inadequate support, the Court determined, for the claim that the individual defendants had an "obvious and direct financial interest" in the broadcast of the boxing matches given the Complaint's allegations that only 40 people were present on a Saturday evening in a restaurant with a capacity of 200 and the restaurant had no cover charge. *See id.*

Plaintiff filed the instant Motion to Alter or Amend Judgment on April 24, 2019. ECF No. 12. Plaintiff requests that the Court alter its judgment to enter liability against Torres and Melgar and to award enhanced statutory damages. *Id.* Defendants have not appeared.

## II. STANDARD OF REVIEW

A motion to reconsider under Federal Rule of Civil Procedure 59(e) "may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "Clear error or

3

manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Letren v. Arch Bay Holdings, LLC*, No. GJH-15-622, 2016 WL 8673871, at *2 (D. Md. Dec. 16, 2016) (quoting *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016)). Rule 59(e) reconsideration "is an extraordinary remedy that should be applied sparingly." *Mayfield*, 674 F.3d at 378 (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Letren*, 2016 WL 8673871, at *2 (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "'[M]ere disagreement' with the court's ruling does not support a motion to alter or amend the judgment." *Id.* (alteration in original) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

### III.  DISCUSSION

Plaintiff argues first that the Court made a clear error when it declined to enter default judgment as to the individual Defendants. ECF No. 12-3 at 2. But Plaintiff's claim amounts to "[m]ere disagreement with the court's ruling." *Letren*, 2016 WL 8673871, at *2 (quoting *Hutchinson*, 994 F.2d at 1082). As the Court explained in the Memorandum Opinion, allegations in a complaint on which a plaintiff seeks a default judgment are evaluated under the plausibility pleading standard established by the Supreme Court in *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). ECF No. 10 at 3 (citing *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011)). Under that standard, courts must employ a "context-specific" inquiry, drawing on "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

4

Plaintiff cites cases finding that allegations of an entity's control by named individuals similar to those made here were sufficient to deny motions to dismiss claims against the individuals or to find them liable at summary judgment or on default judgment. ECF No. 12-3 at 5–7. But none of these cases control the holding of this Court, and Plaintiff does not cite any authority that does. In the absence of controlling case law, disagreement among district courts about the plausibility and adequacy of similarly worded pleadings is to be expected given that courts must draw on "judicial experience and common sense" in making these determinations. Such differences in outcome do not rise to the level of "clear error" unless the court patently misunderstands a party, makes a decision outside the adversarial issues presented to the Court, or made an error of apprehension rather than of reasoning. *Letren*, 2016 WL 8673871, at *2 (quoting *Wagner*, 2016 WL 1169937, at *3). Plaintiff can identify no such error here.[2]

Plaintiff next argues that the Court erred in declining to award enhanced statutory damages. ECF No. 12-3 at 7–11. Under the Federal Cable Act, a court may increase the award of damages for violation of the Act by up to $100,000 "if the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff's arguments primarily concern the rationality of granting enhanced damages in this case in light of the deterrence value of such damages and the incentives potentially created by not awarding them. ECF No. 9–11.

---

[2] Plaintiff notes the Complaint's allegation that Torres and Melgar are named on an alcoholic beverages license for Irene's Pupusas issued by Montgomery County, Maryland. ECF No. 12-3 at 5 (citing ECF No. 1 ¶¶ 6–7). That allegation, which was not stated in Plaintiff's briefing supporting its Motion for Default Judgment, ECF No. 9-4, appears to derive from an attachment to Plaintiff's Complaint, which includes the purported license. ECF No. 1-1 at 9. While the license identifies "Irene's Pupusas" and lists the names of the individual defendants, it provides no indication of their relationship with the licensed business. Without more, the license is inadequate to support and render sufficient the Complaint's allegations of supervision and control. *See J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d 586, 592 (D. Md. 2012) (reaching this conclusion as to a similar license).

Plaintiff's discussion, however reasonable on its face, falls far short of establishing clear error by the Court. In fact, Plaintiff does not specifically identify any error, but merely makes policy-based arguments for a different outcome and cites case law that drew on similar considerations. A greater showing is needed to invoke the "extraordinary remedy" of altering or amending a judgment. *Mayfield*, 674 F.3d at 378. Also, nothing prevented Plaintiff from raising these issues and concerns in its Motion for Default Judgment, and accordingly they are not properly asserted at this stage. *Letren*, 2016 WL 8673871, at *2. Incidentally, given their tenor and focus, the more appropriate target for Plaintiff's arguments about the efficacy of damages awards in Federal Cable Act cases would appear to be Congress.

In any case, because Plaintiff has failed to meet the Rule 59(e) standard for altering or amending a judgment, the Court will deny Plaintiff's Motion.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment, ECF No. 12, is denied. A separate Order shall issue.

Date: <u>January 13, 2020</u>

GEORGE J. HAZEL
United States District Judge